IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ALONZO W. MORRIS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 07-194-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents.[1] | ) | |

---

Alonzo W. Morris, Jr. *Pro se* petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

---

**MEMORANDUM OPINION**

Sept 17, 2008
Wilmington, Delaware

---

[1] Warden Perry Phelps assumed office in January, 2008, replacing former warden Thomas Carroll. Additionally, Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).

Sleet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Alonzo W. Morris, Jr. ("Morris"). (D.I. 2.) For the reasons discussed, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In March 2000, a Superior Court jury convicted Morris of first degree assault and possession of a deadly weapon during the commission of a felony. *Morris v. State*, 795 A.2d 653, 656 (Del. 2002)("*Morris I*"). The Superior Court sentenced Morris to 10 years of imprisonment on the weapons conviction, and 3 months of imprisonment for a related violation of probation charge. *Id.* at 656-57. Morris appealed, and the Delaware Supreme Court reversed Morris' conviction in 2002. *Morris I*, 795 A.2d at 659-61. Morris was re-tried and convicted of the same charges in November 2002. *See Morris v. State*, 2006 WL 988041, at *1 (Del. 2006) ("*Morris II*"). The Delaware Supreme Court affirmed Morris' convictions in March 2004. *Morris v. State*, 2004, WL 439881 (Del. 2004)("*Morris III*").

Morris filed a motion for state post-conviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion") on March 4, 2005, alleging that defense counsel had provided ineffective assistance in both his first and second trials. The Superior Court denied the motion, and the Delaware Supreme Court affirmed the Superior Court's judgment on April 13, 2006. *Morris v. State*, 900 A.2d 101 (Table), 2006 WL 988041 (Del. Apr. 13, 2006).

Morris' federal habeas petition asserts four claims alleging ineffective assistance of counsel. (D.I. 2.) The State filed an answer, arguing that the petition should be dismissed as

1

time-barred. (D.I. 18.) Morris filed a reply, stating that the limitations period should be equitably tolled because he only missed the filing deadline by one day, and he is acting pro se. (D.I. 24.) For the reasons explained below, the court will deny Morris' habeas petition as time-barred.

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Morris' petition, filed in April 2007, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Morris does not allege, and the court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly,

the one-year period of limitations began to run when Morris' conviction became final under § 2244(d)(1)(A).

In this case, the Delaware Supreme Court affirmed Morris' conviction and sentence upon retrial on March 3, 2004, and he did not file a petition for a writ of certiorari in the United States Supreme Court. *See generally Morris*, 2004, WL 439881. Consequently, Morris' conviction became final for the purposes of § 2244(d)(1) on June 1, 2004. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999). Accordingly, to comply with the one-year limitations period, Morris had to file his § 2254 petition by June 1, 2005. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Morris did not file his undated habeas petition until April 5, 2007, almost two full years after AEDPA's statute of limitations expired. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

**B. Statutory Tolling**

Pursuant to § 2244(d)(2) of the AEDPA, a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). Morris filed his Rule 61 motion in the Delaware Superior Court on March 4, 2005, after 287 days of AEDPA's limitations period had already expired. The Superior Court denied the Rule 61 motion in April 2005, but the motion remained pending before the Delaware state courts for statutory tolling purposes under § 2244(d) until the Delaware Supreme Court affirmed the

3

Superior Court's decision on April 13, 2006. The limitations clock started to run again on April 14, 2006, and ran the remaining 78 days without interruption until the limitations period expired on July 3, 2006.[2] Thus, even with statutory tolling, Morris filed his habeas petition 10 months too late.

### C. Equitable Tolling

AEDPA's limitations period may also be equitably tolled, but "only when the principle of equity would make the rigid application of a limitation period unfair." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2000). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller v. N.J. Dept. Corrs.*, 145 F.3d 616, 618-19 (3d Cir. 1998); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Morris appears to believe his status as an inmate is an "extraordinary circumstance"

---

[2]The one-year filing period actually expired on July 1, 2006, which fell on a Saturday. Therefore, Morris had until the end of the day on Monday July 3, 2006 to timely file his petitoin.

4

warranting equitable tolling.[3] (D.I. 24, at p.1.) However, the fact that a person is incarcerated does not constitute an extraordinary circumstance for equitable tolling purposes. *Murphy v. Carroll*, 2003 WL 22937770, at *3 (D. Del. Oct. 29, 2003). Additionally, the fact that a *pro se* petitioner lacks legal knowledge and that he is burdened by the routine aspects of prison life fail to justify equitable tolling. *See Garrack v. Vaughn*, 2003 WL 22331774, at *4 (E.D. Pa. Nov. 5, 2007); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). And finally, if Morris' untimely filing was due to a mistake or computational error, that mistake also does not trigger the equitable tolling doctrine. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling"). Accordingly, the court will dismiss the petition as time-barred.

### D. Pending motion

Morris filed a combined motion to appoint counsel and seeking discovery. (D.I. 23.) The court has concluded that the Morris' petition is time-barred. Therefore, the court will deny the motion as moot.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing

---

[3] Morris believes that he filed his petition one day too late, and that this single day should not be counted against him for equitable reasons. However, as previously explained by the court, Morris filed his petition almost 10 months too late. Therefore, the court summarily rejects this argument as baseless.

5

of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Morris' petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Morris' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2.)

An appropriate order will be entered.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALONZO W. MORRIS, JR., ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 07-194-GMS |
| ) | |
| PERRY PHELPS, Warden, and ) | |
| JOSEPH R. BIDEN, III, ) | |
| Attorney General of the State ) | |
| of Delaware, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Petitioner Alonzo W. Morris, Jr.'s petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is DISMISSED, and the relief requested therein is DENIED. (D.I. 2.)

2. Morris' motion to appoint counsel and asking for discovery is DENIED. (D.I. 23.)

3. The court declines to issue a certificate of appealability because Morris has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: Sept. 17, 2008

_____
CHIEF, UNITED STATES DISTRICT JUDGE



FILED

SEP 17 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE